JUAN SUÁREZ PÉREZ, recurrente, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 686.—*Sometido:* Julio 19, 1927. *Resuelto:* Julio 30, 1927.

1. EJECUCIÓN—VENTA—TÍTULO Y DERECHOS DEL COMPRADOR—BIENES O DERECHOS QUE PASAN AL COMPRADOR—DERECHOS, TÍTULOS O INTERÉS EN LA PROPIEDAD VENDIDA—DE PERSONAS NO PARTE EN LA ACCIÓN QUE MOTIVÓ LA VENTA.—Un márshal no puede traspasar derecho, título o interés alguno perteneciente a uno que no ha sido parte en una acción personal que dió lugar a la venta en ejecución.

2. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—CONTRATO CONSIGNADO EN ESCRITURA PÚBLICA—EN GENERAL.—En ausencia de algo que demuestre que los demandados, en una acción personal que dió lugar a una venta en ejecución, eran los únicos herederos o verdaderos causahabientes de una persona, un traspaso del que vendió a ésta la propiedad vendida en ejecución es insuficiente para investir con el título al comprador en dicha venta judicial.

3. VENDEDOR Y COMPRADOR—DERECHOS Y RESPONSABILIDADES DE LAS PARTES—COMPRADORES INOCENTES O DE BUENA FE—REGISTRO O INSCRIPCIÓN—PRIMERO EN EL REGISTRO—DOBLE VENTA DE LA MISMA FINCA.—La doctrina de que en caso de una doble venta el título queda investido en el comprador que primero va al registro presupone que la escritura primeramente presentada sea un traspaso válido.

NOTAS de *A. Malaret,* R. (San Juan, Sección Primera), denegando inscripción de una escritura de venta judicial y de un traspaso subsiguiente. *Confirmadas.*

*Heriberto Torres Solá,* abogado del recurrente; el recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El acta de una venta hecha por un márshal expresaba que los demandados en una acción personal estaban comprando a plazos, y que la causante de dichos demandados, Eloísa Navedo y Santana, anteriormente había estado comprando a plazos a la "Sociedad Protectora de Niños" el solar que junto con la casa en él existente estaba vendiendo entonces el márshal en ejecución para satisfacer una sentencia por dinero; también expresaba que el derecho, título e interés de la dicha Eloísa Navedo y Santana, así como el derecho, título e interés de los demandados sobre el terreno, estaban incluídos en la venta.

La escritura otorgada por el márshal representaba ser

un traspaso de la casa y de los derechos, títulos e intereses en el terreno descritos en el acta de la venta.

Eloísa Navedo y Santana no fué parte en la acción personal.

Posteriormente la Sociedad Protectora de Niños traspasó el solar en cuestión al comprador en la venta en ejecución. La escritura contiene lo siguiente:

"Quinto: El antes descrito solar lo compraba a plazos doña Eloísa Navedo y Santana a la Sociedad Protectora de Niños de Río Piedras, por el precio de doscientos veinticuatro dollars, habiendo pagado dicha Eloísa Navedo a la mencionada sociedad Protectora la suma de ciento setenta y seis dollars y adeudando en el día de hoy a la misma la suma de cuarenta y ocho dollars.

"Sexto: Que según el caso civil número cuatrocientos setenta y ocho, sobre cobro de dólares, de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, de Juan Suárez Pérez contra Marta y Carmen Rivera Navedo, y Palmira, Natalia y Pedro Navedo y Pedro Rivera Rosario, como padre con patria potestad sobre sus menores hijos naturales reconocidos nombrados, Marta y Carmen Rivera Navedo el Márshal de la Corte antes dicha, Don Eduardo Urrutia por sentencia dictada en el mencionado caso, embargó, vendió en pública subasta y adjudicó al compareciente Juan Suárez Pérez, las acciones y derechos que sobre dicho solar pudieran tener los indicados demandados llamados, Marta y Carmen Rivera Navedo y Palmira, Natalia y Pedro Navedo y Pedro Rivera Rosario, este último como padre con patria potestad sobre sus menores hijos reconocidos Marta y Carmen Rivera Navedo, todo lo cual consta en la escritura número treinta y uno fechada el día diez y seis de febrero de mil novecientos veintisiete, y otorgada en San Juan, Puerto Rico, ante el Notario Don Heriberto Torres Solá, . . . ."

La escritura otorgada por el márshal fué presentada en el Registro de la Propiedad en unión del subsiguiente traspaso arriba mencionado, como suplemento de la misma, y se denegó la inscripción del primer documento por el fundamento de que ni el título sobre la casa ni los derechos reales sobre el terreno habían sido previamente inscritos a nombre de los demandados en la acción personal, ni a nombre de persona otra alguna.

Entonces el traspaso subsiguiente fué presentado juntamente con la escritura otorgada por el márshal, solicitando que la propiedad fuera inscrita a nombre del comprador mencionado en ambos documentos.

Se denegó la inscripción del segundo traspaso por el fundamento de que el solar había sido previamente vendido a doña Eloísa Navedo Santana.

[1, 2] El recurrente ahora se queja de que el registrador cometió error al considerar la escritura otorgada por el márshal, sin tener en cuenta el traspaso subsiguiente, al pasar por alto más tarde la escritura otorgada por el márshal cuando consideraba el subsiguiente traspaso, y al negarse a inscribir el solar a nombre del recurrente de acuerdo con los efectos legales de los dos documentos tomados en conjunto.

Nos inclinamos a convenir con el recurrente que la mejor práctica hubiera sido resolver específicamente al tiempo de la primera presentación sobre el valor que tuviera la prueba suplementaria para subsanar defectos, y en todo caso, al tiempo de la segunda nota determinar algo más definidamente el efecto legal de las dos escrituras tomadas conjuntamente en relación la una con la otra. Pero de esto no se sigue que una u otra de las notas recurridas deban ser revocadas.

Manifiestamente el márshal no podía traspasar derecho, título o interés alguno perteneciente a Eloísa Navedo y Santana, quien no era parte en la acción personal que dió lugar a la venta en ejecución. En ausencia absoluta de algo que demuestre que los demandados en dicha acción eran los únicos herederos, o en alguna forma los verdaderos causahabientes de dicha Eloísa Navedo y Santana, un traspaso de su vendedor era igualmente insuficiente para investir con el título al comprador en la venta judicial. Por tanto, la única conclusión a que pudiera haber llegado el registrador al tiempo de su primera nota hubiera sido que el traspaso subsiguiente era absolutamente ineficaz para subsanar

defectos, cuando fué presentado meramente como suplemento al documento sometido para su inscripción.

[3] La doctrina invocada por el recurrente de que en caso de una doble venta el título queda investido en el comprador que primero va al registro, presupone, desde luego, que la escritura primeramente presentada sea un traspaso válido. La regla no puede tener aplicación alguna cuando el documento primeramente presentado de su faz proclama un traspaso anterior a otro comprador que no tiene relación alguna con el comprador nombrado en la escritura subsiguiente. Ni puede suplirse el eslabón necesario mediante una escritura otorgada por un márshal, representando ser un traspaso del derecho, título o interés de dicho primer comprador, como resultado de una venta en ejecución en una acción personal en que dicho comprador original no fué parte.

Ni la escritura otorgada por el márshal, ni el traspaso subsiguiente por la sociedad Protectora de Niños, ni ambos conjuntamente pueden ser suficientes para privar a Eloísa Navedo y Santana, si vive, o a sus herederos, si ha fallecido, de derecho, título o interés alguno que ella o ellos puedan tener en el terreno que ahora reclama el recurrente.

*Las notas recurridas deben ser confirmadas.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.